(Superior Court of Cincinnati.)

## WRIGHT v. CITY OF CINCINNATI.

(1). Where the operative cause of an injury is not identical with the operative cause in a previous suit, the judgment in the previous suit does not conclude the defendant from again entering into the question as to what constituted the alleged nuisance.

(2). Whether "notice" is an ultimate fact, or a conclusion of law depending on anterior facts—Quaere?

DEMPSEY, J.

The plaintiff brings his action for the maintenance by the defendant of a nuisance whereby the marketable value of his property has been depreciated. Among other averments he says that "in April, 1897, he began his action, No. 110254, in the common pleas against the defendant for damages to his said lot occasioned by a like overflow of water from the same gutters, occasioned by a like negligence and wrongful stoppage thereof at said point;" and then goes on to aver a recovery and judgment, which is in full force and effect, and notwithstanding the same defendant has negligently and wrongfully failed, neglected and refused to keep said gutters in proper and serviceable condition, etc. The plaintiff's contention is that this judgment is res adjudicata on the question of the nuisance, and that he now has a right to plead it—affirmatively to estop the defendant from again entering into those questions which constitute the nuisance, and that the only question before the court is the amount of the damages.

The point is a close one, but after careful consideration I have come to the conclusion that plaintiff's contention, under his averments, is not tenable. The authorities undoubtedly hold that actions may be maintained for the continuance of a nuisance after a former adjudication of its existence, and damages assessed therefor; and it is likewise held that the proper practice in such a case is to plead the former judgment and count in damages, punitive and compensatory, for its continuance, and that the former adjudication will be a bar to any con-

troversy over the question of nuisance; but the limitation to this doctrine lies in the fact that it is confined to cases where the nuisance inheres in the thing itself, and is a permanent characteristic of the thing complained of. Where, however, the nuisance arises out of the use or control of the thing complained, which use or control may vary and fluctuate, every unlawful use or negligent control constitutes a separate and distinct wrong, and is not to be prejudged or forestalled in character and designation by any former adjudication concerning a former use or control. Thus, in this case, it is not the gutters which constituted the nuisance, but rather the obstructions which were negligently permitted to remain in the gutters.

Now, if the obstructions which caused the injury to plaintiff under the averments in this case were the identical obstructions which caused the injuries for which he recovered damages in the common pleas case, the judgment in that case would be res adjudicata as to the character of the cause of plaintiff's injuries in this case; but if the obstructions in the gutters in this case were different from those in the common pleas case, the verdict and judgment in that case would not conclude defendant in this case. It is true the gutters in both cases were the same, but they were only instrumentalities by means of which the obstructions became operative in causing damage.

Now, plaintiff does not allege that the obstructions were the same as in the common pleas case, and continued so after that case; but he avers that in this case they were obstructions and stoppages arising from a like negligence as arose in that case. That is, the averment simply is that the obstructions, etc., which caused the damage in this case were similar to the causes of damage in the other case, which is nothing more than averring two separate distinct causes of injury, and saying they resemble each other.

Hence, the operative cause of injury in the common pleas case not being the identical cause in this case, the judgment in that case does not con-

clude defendant in this; in fact, being for a different cause of damage, it is immaterial to this case, and defendant's motion to strike it out will be granted.

As to the averments of the special fact from which plaintiff claims notice to defendant, the authorities are also conflicting as to whether "notice" is an ultimate fact, or a conclusion of law depending upon anterior facts. I have not been able to satisfy myself on the point, and as plaintiff has pleaded all the facts which go to charge defendant with notice, no harm can come from overruling that part of motion to strike out, which will be done.

Daniel T. Wright, for the Plaintiff. Corporation Counsel contra.